IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE IDEARC, INC., et al. | § |
| | § |
| Debtors. | § |
| | § Civil Action No. 3:11-CV-1052-D |
| DONALD MADDEN, et al., | § (Bank. Ct. No. 09-31828-BJH-11) |
| | § |
| Appellants, | § |
| | § |
| VS. | § |
| | § |
| IDEARC, INC. et al., | § |
| | § |
| Appellees. | § |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, Chief Judge:

Appellants Donald Madden ("Madden") and William Sweeney ("Sweeney") appeal the bankruptcy court's order disallowing their proofs of claim. The sole ground of error that they have preserved on appeal is that the bankruptcy court abused its discretion in retroactively lifting the automatic stay in the bankruptcy cases below. Having considered the parties' briefs and heard oral argument, the court affirms the bankruptcy court's order.

In the bankruptcy court, Madden and Sweeney filed proofs of claim based on the same claims they had asserted in a Massachusetts state court case that had been removed to the District of Massachusetts and later dismissed with prejudice by stipulation. Appellee Idearc, Inc. and its related reorganized debtors objected to Madden's and Sweeney's proofs of claim. In their supporting memorandum, they argued that the claims were barred by *res judicata*

based on the dismissal of the Massachusetts lawsuit. *See* R. 000868-000876. Following a hearing, and after receiving additional briefing on the Massachusetts law of *res judicata*, the bankruptcy court agreed and sustained the objections. The bankruptcy court's order, supported by oral findings of fact and conclusions of law entered under Fed. R. Bankr. P. 7052, was based on the legal conclusion that appellants' claims were barred by *res judicata*. *See* R. 001040-41 and 000007. The bankruptcy court wrote that it had sustained the objections "on the sole basis that the proofs of claim filed by [Madden and Sweeney] are barred by *res judicata* due to the dismissal with prejudice of their prior lawsuit [in the District of Massachusetts]." *Id.* at 000007. When in the same order the bankruptcy court then retroactively lifted the automatic stay, it did so *only* after assuming that the automatic stay applied to the removal of the Massachusetts lawsuit from state to federal court *and* assuming (essentially *arguendo*) that appellants—by entering into the stipulation of dismissal in that case—*had not waived* their argument that the stay was violated. *See id.* at 001041 and 000007. Nothing in the bankruptcy court's *dicta* or alternative holdings called into question that "the sole basis" on which it had denied the proofs of claim was that they were barred by *res judicata*.

It is apparent from appellants' presentation at oral argument that they are primarily concerned about the adverse consequences of the bankruptcy court's lift-stay order on *other* litigation—the dismissed case in the District of Massachusetts and an appeal decided against them by the First Circuit. But so far as the instant proofs of claim are concerned, they have not preserved in this appeal a challenge to the bankruptcy court's decision to deny their

proofs of claim on the ground that they are barred by *res judicata*. For example, in the conclusion of their opening brief on appeal, appellants ask this court to "reverse the order of the bankruptcy court retroactively lifting the automatic stay to allow their Proofs of Claim to go forward." Appellants Br. 19. But even if this court thought the bankruptcy court had abused its discretion, reversing the retroactive lift-stay order would not allow appellants' proofs of claim to go forward because they would still be barred by the doctrine of *res judicata*, a premise that appellants have failed to adequately challenge on appeal.

Accordingly, the bankruptcy court's February 15, 2011 order disallowing Madden's and Sweeney's proofs of claim is

AFFIRMED.

October 17, 2011.

 

_____
SIDNEY A. FITZWATER
CHIEF JUDGE